# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> WOODBURY & KESLER, P.C., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:09cv402** <br><br> **District Judge Dee Benson** <br><br> **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Woodbury & Kesler, P.C.'s ("Defendant") motion for a ruling regarding the eligibility of its proposed expert and an extension of time to submit its expert report.[2] The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 18.

[2] *See* docket no. 15.

## BACKGROUND

Robert G. Wing ("Receiver"), as Receiver for VesCor Capital Corp. ("VesCor"), filed this action against Defendant for alleged fraudulent transfers. Specifically, the Receiver seeks to recover legal fees paid to Defendant for legal work performed on behalf of VesCor, an alleged Ponzi scheme. The Receiver asserts that because VesCor was insolvent when it made the transfers to Defendant, and Defendant had information that VesCor may be a Ponzi scheme, those transfers are subject to recovery as fraudulent transfers.

Defendant seeks to employ attorney Erik Christiansen from Parsons Behle & Latimer ("PBL") as an expert to testify as to the general duties of counsel in representing clients in such circumstances and whether Defendant's actions constituted good faith. Defendant met with Mr. Christiansen who indicated that he and PBL had represented VesCor after Defendant had withdrawn but before the instant Receivership. Mr. Christiansen also informed Defendant that PBL's representation of VesCor was pursuant to a retainer agreement under which VesCor had waived the attorney-client privilege and authorized PBL to disclose all information that it obtained to the Utah Division of Securities.

After meeting with Defendant, Mr. Christiansen spoke with the Receiver who indicated that he did not believe that there would be an issue with the attorney-client privilege because it had been waived. Nevertheless, the Receiver indicated that he would not waive any conflict of interest because he believed that Mr. Christiansen should not testify as an expert. In response, Defendant filed the instant motion.

## DISCUSSION

Defendant does not dispute that Mr. Christiansen served as counsel for VesCor prior to the Receivership, nor does it dispute that the Receiver now owns any attorney-client privilege that VesCor may have held in connection with that representation. Defendant argues, however, that because VesCor waived the attorney-client privilege, Mr. Christiansen may serve as an expert on its behalf.

The Receiver objects to Mr. Christiansen's proposed testimony on the grounds that it is irrelevant and it may be confusing to the jury. Specifically, the Receiver contends that expert testimony is unnecessary in this case because the jury will use a "reasonable person" standard when determining whether Defendant was on notice of VesCor's fraudulent purpose or insolvency. *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 731 (8th Cir. 2006). The Receiver further argues that a jury would have difficulty distinguishing between his testimony as an expert and his role as a lawyer for VesCor.

In general, courts have adopted a two-part test to determine whether an expert should be disqualified in cases where the expert had a prior relationship with the adverse party. *See English Feedlot, Inc. v. Norden Labs., Inc.*, 833 F. Supp. 1498, 1502 (D. Colo. 1993). "In particular, disqualification of an expert is warranted based on a prior relationship with an adversary if (1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092-93 (N.D. Cal.

2004). "The party seeking disqualification bears the burden of establishing both the existence of a privilege and its non-waiver." *Mayer v. Dell*, 139 F.R.D. 1, 3 (D.D.C. 1991).

In the instant case, the Receiver has not demonstrated that Mr. Christiansen should be disqualified as an expert. Mr. Christiansen's participation as counsel may, in typical circumstances, be the type of confidential relationship that would disqualify him if he had received confidential information from VesCor. However, VesCor's blanket waiver of the attorney-client privilege makes it unreasonable for VesCor to believe that a relationship of confidentiality existed in the PBL representation. The very purpose of the PBL representation was to obtain and communicate all information about VesCor to a third party. In addition, no confidential information could have been communicated, because the communications came with an express waiver of confidentiality. As a result, anything that was communicated to PBL was per se not confidential.

Furthermore, the court is not persuaded by the Receiver's argument that Mr. Christiansen's testimony is irrelevant. Issues relating to the substance or admissibility of his testimony are more properly raised at trial. Nor is the court persuaded that the jury would necessarily be confused about Mr. Christiansen's dual role as a fact and expert witness. Indeed, in a case the Receiver cited in support of this proposition, the court stated that any "potential for prejudice . . . can be addressed by means of appropriate cautionary instructions and by examination of the witness that is structured in such a way as to make clear when the witness is testifying to facts and when he is offering his opinion as an expert." *United States v. York*, 572 F.3d 415, 425 (7th Cir. 2009) (quotations and citation omitted). Based on the foregoing, the

4

court concludes that the Receiver has failed to meet his burden that Mr. Christiansen should be disqualified.

Defendant further seeks an extension of time to submit its expert report. The Receiver does not oppose that portion of Defendant's motion. In addition, because many of the deadlines of the most recent scheduling order have passed, the court instructs the parties to meet and confer by April 29, 2011, in an attempt to stipulate to an amended scheduling order. In the event that the parties cannot reach a stipulation, both parties shall submit their respective proposed scheduling orders by May 6, 2011, and the court will enter an amended scheduling order.

## CONCLUSION

Based on the foregoing, Defendant's motion is **GRANTED**. As such, Mr. Christiansen may serve as an expert for Defendant. The parties are also ordered to meet and confer by April 29, 2011, in an attempt to stipulate to an amended scheduling order. If the parties cannot reach a stipulation, each party shall submit its proposed scheduling order by May 6, 2011.

**IT IS SO ORDERED.**

DATED this 13th day of April, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge